Cite as: 608 U. S. ____ (2026)  1
ALITO, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## ASHLEY GRAYSON *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 25–851.   Decided June 22, 2026

The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Sixth Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on May 12, 2026.

JUSTICE ALITO, dissenting.

Petitioner challenges the admission of a FaceTime recording that shows her offering to pay for murder. The Sixth Circuit held that 18 U. S. C. §2515 did not require suppression of the recording because that provision has a freestanding clean-hands exception. The United States now concedes that the Sixth Circuit erred in applying a clean-hands exception. Nonetheless, the Government argues that any error was harmless. I agree. Even setting aside the FaceTime recording, a mountain of properly admitted evidence proved petitioner's guilt. Most prominently, the evidence included a recording of a separate call petitioner made to the Federal Bureau of Investigation, in which she described the contents of the challenged FaceTime call in detail and acknowledged that she had offered to pay for murder. Because the FaceTime recording was cumulative of other overwhelming evidence of guilt, I would deny the petition.